JOEL STOCKARD & CO. *v.* REIS.

BILLS AND NOTES—CONSIDERATION—GAMING—DIRECTED VERDICT.

Where client mailed check to broker, assured it that check was good and would be paid, and then stopped payment on it after broker had included amount thereof in check to client, which latter cashed, verdict was properly directed for broker for amount of check on which payment was stopped, in action therefor, even if matter grew out of illegal gambling transactions, since there was wholly new consideration for check involved.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 14, 1933. (Docket No. 134, Calendar No. 37,194.) Decided May 16, 1933.

Assumpsit by Joel Stockard & Company, a Delaware corporation, against Alexander J. Reis for money had and received. Directed verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Leslie L. Alexander* and *Ethan C. Prewitt,* for plaintiff.

*John G. Cross,* for defendant.

CLARK, J. Defendant had dealings with plaintiff, a broker, at the conclusion of which there was due defendant a sum of money, which did not include an item of $7,600, a check for which defendant had mailed but which check had not cleared. Being assured that the check was good and would be paid, plaintiff added the amount to the sum due and gave

its check for $11,961.05 to defendant, which he cashed. Defendant then stopped payment of his check for $7,600 and to recover the sum this action in assumpsit was commenced.

Plaintiff had directed verdict and judgment for the amount. Defendant has appealed.

A contention to be noticed is that the dealings were unlawful, gambling contracts, and that therefore there can be no recovery. The matter before us, even if it grew out of illegal transactions, is not connected therewith, but is for a wholly new consideration, and therefore collection may be enforced. The defense is without merit. *Smith* v. *Barstow*, 2 Doug. 155.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.